Filed 12/17/24  P. v. Olbert CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100375 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F07539) |
| v. | |
| ROBERT BRIAN OLBERT, | |
| Defendant and Appellant. | |

In 2023, after defendant Robert Brian Olbert had served approximately 13 years of his 20-year prison sentence, the Secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the sentencing court recommending that the court recall defendant's sentence and resentence him.  The sentencing court recalled defendant's sentence and reduced it to 19 years.  The court declined to further reduce the

1

sentence by striking a five-year enhancement under Penal Code section 1385[1] because the court found defendant posed a risk to public safety based on defendant violating prison rules by attempting to bring a bottle of liquid soap back to his cell. The court found, based on the court's personal experience, that defendant could use the liquid soap as a weapon.

We requested supplemental briefing addressing whether substantial evidence supports the sentencing court's finding that dismissing the five-year enhancement posed a risk to public safety. The People argue that the sentencing court did not abuse its discretion, but offer no evidentiary basis in the record for the court's finding that defendant could use a bottle of liquid soap as a weapon. The People do not assert that we can consider the court's personal experience as evidence, and we conclude we may not. Finding no other evidence in the record to support this finding, we conclude that the sentencing court abused its discretion by basing its decision on a finding unsupported by substantial evidence. We will vacate defendant's sentence and remand for resentencing.

The parties agree that the sentencing court should not have included certain repealed fees as part of defendant's sentence, so we will also direct the court not to impose those fees on remand.

## BACKGROUND

Defendant pleaded no contest to allegations that in 2010, he attempted a robbery and then, in a second incident, committed a robbery using a knife, attempted an additional robbery using a knife, unlawfully used personal identifying information, unlawfully possessed access card information, possessed a completed check with the intent to pass it fraudulently, and possessed stolen property. Defendant also admitted having been previously convicted of robbery in 1992.

---

[1] Undesignated statutory references are to the Penal Code.

2

In 2012, the sentencing court imposed a stipulated sentence of 25 years in state prison. At the sentencing hearing, the court told defendant: "You make no excuse for yourself. And that's not something I see very often in this courtroom." The court also told defendant: "I think that you know methamphetamine and alcohol have been absolutely devastating to you personally . . . but I also see that even while you're incarcerated, you are a positive influence on those around you . . . [a]nd I think that speaks very, very well of you."

In 2015, following the enactment of Proposition 47, the Safe Neighborhoods and Schools Act (Gen. Elec. (Nov. 4, 2014), the sentencing court reduced defendant's sentence to 20 years in state prison. The sentence comprised: the upper term of five years for robbery, doubled due to the prior serious felony conviction; a consecutive term of one year four months for each count of attempted robbery; a consecutive term of one year four months for unlawful use of personal identifying information; a one-year enhancement for personal use of a dangerous or deadly weapon, pursuant to section 12022, subdivision (b)(1); and a five-year enhancement for the prior serious felony conviction, pursuant to section 667, subdivision (a)(1).

In 2023, after defendant had served approximately 13 years of his sentence, the Secretary of CDCR sent a letter to the sentencing court, recommending that the court recall defendant's sentence and resentence him. The Secretary indicated that the Legislature had amended section 1385 to grant the sentencing court authority it had previously lacked to strike the five-year enhancement for the prior serious felony conviction. The Secretary included a report of defendant's time in prison, which showed consistent above-average grades from work supervisors since 2016; a number of milestone completions, including job training and behavioral health programs; completion of an Associate of Arts degree with nine A's and seven B's; and four rules violation reports, with only one occurring since May 2014.

The report for defendant's most recent rule violation in 2023 showed that a prison official found defendant with a water bottle full of liquid cleaner attached to his waist. Defendant admitted taking the bottle from the trash and pouring cleaner in it " 'to clean our food area for the 'Super Bowl' game.' " Defendant called his decision " 'stupid' " and apologized for his actions. The prison hearing official found defendant guilty of possession of contraband, in violation of California Code of Regulations, title 15, section 3006, subdivision (c)(1), and imposed 20 hours of extra duty. The report indicated the punishment was mitigated in the interest of justice. The report does not indicate concern about defendant using the contraband as a weapon, nor did prison officials offer evidence to that effect.

Based on the letter from the Secretary of CDCR, the sentencing court appointed counsel for defendant and set a resentencing hearing. In briefing and at the hearing, defense counsel argued the court should recall defendant's sentence pursuant to section 1172.1, subdivision (a) and resentence defendant, dismissing the five-year enhancement for the prior serious felony conviction and the one-year enhancement for using a dangerous or deadly weapon. Defense counsel emphasized defendant's excellent behavior while incarcerated and argued that defendant had no intent to use the liquid soap as a weapon.

The People agreed that the sentencing court should recall and resentence defendant but asked the court to impose the same sentence. The People acknowledged that under section 1385, subdivision (c)(2), the court must consider the age of defendant's prior serious felony conviction as a mitigating factor that weighs greatly in favor of dismissing the five-year enhancement, unless the court found that dismissal of the enhancement would endanger public safety. Nevertheless, the People contended the court should impose the same 20-year sentence because "that term remains appropriate in light of the applicable Judicial Council rules, traditional sentencing considerations and new laws in effect today."

At the first hearing, the sentencing court expressed concern about defendant's most recent rule violation, though the court was under the impression that defendant had too many bars of soap and could use them as a weapon. The court explained: "I want to be assured that [defendant] wasn't doing something that would be considered being in possession of a weapon, because I've been doing this job for 25 years and I think it's very well-known it is a ubiquitous thing in prisons that many times inmates will use what appear to be innocuous items of everyday use, they can put them in socks and use them as weapons, and because [defendant] is an individual who resorted to the use of weapons during the course of his criminal activity, I am concerned about that."

At the next hearing, when the sentencing court learned defendant only had liquid soap, the court pivoted, explaining its new concern as: "I have been doing this job for 25 years, and before that, my entire career has been in the criminal justice system . . . I am concerned about him being secretive, smuggling contraband out of a place that he was working[,] and people thought he was doing a good job and they had trust and reliance on him, and then I have to think to myself, is [defendant] an individual who continues to arm himself and present a danger to the public? And obviously, we know in prison that correctional officers get, for lack of a better term, gassed. They have fluids, liquids thrown on them. Many times it is bodily fluids, but it can also be other liquids and fluids. I have seen it run the gamut in my career."

Defendant testified at the resentencing hearing, consistent with his testimony at the rule violation hearing, that he intended to use the liquid soap to clean the floor of his cell for a Super Bowl party because he and his cellmates would roll up their mattresses to make room to cook burritos and they wanted to clean the area before they put their mattresses back down to sleep. The court twice asked the People if they wanted to cross-examine defendant, but they had no questions or concerns about the incident.

The sentencing court then found "that what [defendant] did, notwithstanding his excuse and justification, that could have been used as a weapon. I am concerned for

5

public safety with respect to [defendant] because he keeps weapons in his waistband. We know the best predictor of future behavior is past behavior, and I think an individual who is so close to being paroled being found in possession of what he was found in possession of is very disconcerting to me." The court then expressed concern that "my sentences appear to me to be mere suggestions to the Department of Corrections and Rehabilitation" because CDCR gives prisoners credit for time served, before reiterating, "I'll make the finding that I believe he poses a risk to public safety because he is hiding again in his waistband something that could be used as a weapon."

## DISCUSSION

Defendant contends, both in his initial briefing and in his supplemental brief that the sentencing court erred under section 1172.1, subdivision (b)(2) because substantial evidence does not support the court's finding that defendant posed a danger to public safety, on which the court based its decision not to dismiss the five-year enhancement. Defendant focuses on the wrong statute. Section 1172.1, subdivision (b)(2) governs the court's decision to recall and resentence defendant, not the court's decision to dismiss the enhancement.

The People address the correct statute, section 1385, which governs the court's discretion to dismiss an enhancement. The People argue in supplemental briefing that the sentencing court did not abuse its discretion, but offer no evidentiary basis for the court's determination that defendant could use a bottle of liquid soap as a weapon. Nor do the People contend we can rely on the sentencing court's personal experience as evidence.

When reviewing for abuse of discretion, "we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746.) "[W]e must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the

6

evidence." (*People v. Jones* (1990) 51 Cal.3d 294, 314.) "[W]e must ensure the evidence is reasonable, credible, and of solid value." (*Ibid.*)

"[A] court's personal experience is not evidence." (*Abatti v. Imperial Irrigation Dist.* (2020) 52 Cal.App.5th 236, 286; see Evid. Code, § 140.) The sentencing court was not competent to testify as to whether defendant could have used the liquid soap as a weapon, was not under oath, and was not subject to cross-examination. (Evid. Code, §§ 703, 710-711, 720.) Nor could the court take judicial notice of its personal experiences unless they "are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute." (Evid. Code, §§ 450, 452, subd. (g).) To the extent the court considered defendant could use the liquid soap in the way bodily fluids or feces are used to "gas" correctional officers, we see no evidentiary basis for the analogy. Bodily fluids and feces are perhaps commonly known to cause illness or infection, but, if anything, the opposite is true of liquid soap.

Aside from the sentencing court's personal experience, we see no evidence in the record to support the finding that defendant could use the bottle of liquid soap as a weapon. The disciplinary hearing records do not indicate concern about the liquid soap being used as a weapon or any potential harmful effects on correctional officers. Defendant was charged with possessing contraband (Cal. Code Regs., tit. 15, § 3006, subd. (c)(1)), not possessing dangerous property (Cal. Code Regs., tit. 15, § 3006, subd. (a)). Defendant testified that he was just going to clean his cell in connection with a party, which was consistent with the evidence introduced at the disciplinary hearing. The People introduced no evidence at the hearing and elected not to cross-examine defendant.

Because the sentencing court declined to dismiss the five-year enhancement based on its finding that defendant could use the liquid soap as a weapon, we conclude the court abused its discretion by basing its decision on a finding unsupported by substantial evidence. We will vacate defendant's sentence and remand for resentencing.

We also note that the parties agree that the sentencing court should not have imposed the main jail booking fee of $287 or the main jail classification fee of $59 because the Legislature repealed these fees.  (Assembly Bill No. 1869 (2019-2020 Reg. Sess), (Stats. 2020, ch. 92, § 25); Gov. Code, § 6111.)  On remand, the court should not impose those fees.

## DISPOSITION

Defendant's sentence is vacated, and the case is remanded for resentencing consistent with this opinion.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Robie, Acting P. J.

_____\s\_____,
Feinberg, J.